CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

OCT 13 2020
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

KRYSTAL H.,                          )
                                     )
            Plaintiff,               )        Case No. 4:19cv00005
                                     )
v.                                   )        **MEMORANDUM OPINION**
                                     )
ANDREW M. SAUL,                      )        By: Hon. Michael F. Urbanski
Commissioner of Social Security,     )        Chief United States District Judge
                                     )
            Defendant.               )

This social security disability appeal was referred to the Honorable Joel C. Hoppe, United States Magistrate Judge, for proposed findings of fact and a recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge filed a report and recommendation ("R&R") on July 20, 2020, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the Commissioner's final decision be affirmed. Plaintiff Krystal H. ("Krystal") has filed objections to the R&R and this matter is now ripe for the court's consideration.

I.    **Background**

In November of 2007, Krystal filed an application for supplemental security income benefits pursuant to Title XVI of the Social Security Act ("the Act"). See 42 U.S.C. §§ 1381–1383f (2018). In her application, Krystal alleged she was disabled due to a combination of chronic neck and back pain following several automobile accidents, post-traumatic degenerative joint disease in both knees and her right foot, and inflammatory arthritis in her hands and wrists. (See, e.g., R. 142, 145, 324–43.) Because her arthritis was sufficiently

limiting, Krystal was awarded benefits but, on March 25, 2015, Disability Determination Services ("DDS"), the state agency, determined that Krystal's disability had ended. DDS determined that Krystal's health had sufficiently improved, she was no longer disabled, and therefore no longer entitled to benefits. (R. 149–151.)

Plaintiff requested a hearing before an Administrative Law Judge; on August 28, 2017, Krystal appeared with her attorney before Administrative Law Judge Brian Rippel ("the ALJ"). (R. 37–70.) Both Plaintiff and a vocational expert, Andrew Beale, testified. (Id.) In a written decision dated January 16, 2018, the ALJ determined that Krystal's disability ended on March 1, 2015, and she had not become disabled again since that date. (See generally R. 17–28.) The ALJ noted that the last favorable medical decision in Krystal record—known as the "comparison point decision," or CPD—occurred on July 29, 2010. At that time, Krystal had the following medically determinable impairments: "chronic thoracic and lumbar strain status post multiple remote motor vehicle accidents; post-traumatic degenerative joint disease of both knees and right foot; and inflammatory arthritis of the hands and wrists." (R. 18.) "[D]ue to her inflammatory arthritis, she had minimal use of her hands for gross and fine manipulation." (Id.)

Since March 1, 2015, however, the ALJ found that Krystal suffered from: "carpal tunnel syndrome, degenerative joint disease/osteoarthritis in the knees, thoracolumbar spondylosis, scoliosis, fibromyalgia, inflammatory arthritis, obesity, bipolar disorder, and depression disorder." (R. 19.) The ALJ further concluded that, since the CPD, Krystal did not suffer from an impairment (or combination of impairments) that met or medically

- 2 -

equaled the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

(Id. (citing 20 C.F.R. §§ 416.425 & 416.926).)

After consideration of the full record, the ALJ concluded that Krystal's residual

functional capacity ("RFC") had improved since the CPD, and that since the CPD she was

able to:

> lift/carry 20 pounds occasionally, 10 pounds frequently;
> stand/walk up to six hours in an eight[-]hour workday; sit for
> six hours in an eight[-]hour workday with normal breaks;
> occasionally climb ramps/stairs; occasionally stoop, kneel,
> crouch; frequent balancing; no crawling and no climbing
> ladders, ropes, or scaffolds; frequent bilateral handling and
> fingering; and no exposure to workplace hazards (including
> unprotected heights and hazardous machinery).

(R. 21). Because Krystal's RFC increased, the ALJ determined that her medical improvement

was related to her ability to work. Although Krystal suffered from several severe

impairments (see R. 22–23), her RFC was such that the ALJ determined she could perform

light work, except with the above-listed limitations (R. 23–26.)

On the basis of his conclusions, the ALJ determined Krystal could perform a

significant number of jobs in the national economy, including cleaner, packer, and stock

checker. As a result, the ALJ concluded that Krystal's disability ended on March 15, 2015,

she had not become disabled again since then, and therefore her disability benefits were

properly terminated.

On February 3, 2019, Plaintiff filed suit in this court to challenge the final decision of

the Commissioner. ECF No. 2. Pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the

case to the United States Magistrate Judge for consideration. On August 2, 2019, Plaintiff

filed a Motion for Summary Judgment, ECF No. 16, and the Commissioner filed a Motion

for Summary Judgment on October 15, ECF No. 19. On July 20, 2020, Judge Hoppe filed a report and recommendation ("R&R"), recommending that the court grant the Commissioner's motion for summary judgment and affirm the decision of the Commissioner. ECF No. 25. Plaintiff filed a timely objection on August 3, ECF No. 26, and the Commissioner responded on August 17, ECF No. 27. Accordingly, this matter is now ripe for review.

## II.    Standard of Review of Magistrate Judge Decision

The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure[1] is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622.

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id.

---

[1] "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b).

The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) and Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. 2009), aff'd, 373 F. App'x 346 (4th Cir.); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only 'those portions of the report or specified proposed findings or recommendations to which objection is made.'") (emphasis in original). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x

268 (4th Cir. 2012). See also Arn, 474 U.S. at 154 ("[T]he statute does not require the judge to review an issue de novo if no objections are filed. . . .").

Rehashing arguments raised before the magistrate judge does not comply with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections. Indeed, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

Veney, 539 F. Supp. 2d at 846. A plaintiff who reiterates her previously-raised arguments will not be given "the second bite at the apple she seeks;" instead, her re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

## III. Judicial Review of Social Security Determinations

It is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In so doing, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when,

considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996).

Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

## IV.   Plaintiff's Objections[2]

Krystal lodges a plethora of objections, almost universally rehashing arguments she made to the magistrate judge and which he addressed in a thorough report and recommendation. As stated above, the objection process is not—and should not be—an opportunity for a plaintiff to get a "second bite at the apple . . . ." Veney, 539 F. Supp. 2d at 846. While the majority of her contentions could be disposed of on the basis of her failure to make proper objections, the court will nevertheless endeavor to address her arguments here.

---

[2] Detailed facts about Krystal's impairments and medical and procedural history can be found in the report and recommendation (ECF No. 25) and in the administrative transcript (ECF No. 8) and will not be repeated here, unless salient to the objection under consideration.

heading are numerous arguments, taking issue with each and every opinion of the magistrate judge (and ALJ) that runs counter to her position.

Turning first to the medical improvement issue, Krystal contends the magistrate judge erred "in concluding that the ALJ's finding that the relevant medical evidence showed improvement or decreased severity in the signs and symptoms associated with plaintiff's inflammatory evidence [*sic*] is supported by substantial evidence." ECF No. 26, pg. 1. She notes the R&R found the ALJ's analysis flawed, but concluded the errors were harmless. Specifically, the magistrate judge concluded the ALJ erred in considering Krystal's activities of daily living without considering the *extent* to which she could perform them. See, e.g., Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) ("An ALJ may not consider the *type* of activities a claimant can perform without also considering the *extent* to which she can perform them.") (citing Brown v. Commissioner, 873 F.3d251, 263 (4th Cir. 2017).

Here, the ALJ erred in considering that Krystal could cook, dress herself, and use a computer without also considering that the extent to which she performed those tasks was minimal. (But see R. 24 (noting Krystal "also prepare[s] simple meals and performs light cleaning").) Krystal's objection, however, omits the other bases on which the ALJ relied to conclude that Krystal's RFC had improved. In addition to her activities of daily living, the ALJ mentioned that Krystal's medical findings since the CPD have disclosed normal range of motion, she has documented noncompliance with the recommended treatments and medications (which symptoms *improve* when she is compliant), and her lack of complaints about on-going limitations to her treating providers. For example, in August of 2016, she reported that the pain in her elbows, wrists, and knees is better when she is on therapy and

that the pain "is no longer interfering with her abilities to perform her activities of daily living."

(R. 1040.) Plaintiff's own statements regarding the lack of interference was expressly

referenced and considered by the ALJ (see R. 25) and represents substantial evidence for his

conclusion. See Richardson v. Perales, 402 U.S. 389, 401 (1971).

Unsatisfied with that ruling, Krystal contends the magistrate judge erred in concluding

the ALJ did not "ignore" later medical evidence, and she contends that reliance on Plaintiff's

own treatment note was "error." See ECF No. 26, pg. 4. Aside from being a perfectly

acceptable piece of evidence on which the ALJ could rely, the ALJ adequately supported his

decision even if his erroneous review of Krystal's activities of daily living were excised from

his opinion. For example, the ALJ compared Krystal's pre- and post- CPD medical records

and highlighted various improvements in her medical tests. (See, e.g., R. 20.) As such, the

ALJ's error was harmless because there was ample, alternative evidence on which he based his

decision. See, e.g., Smith v. Saul, Civil Action No. 3:18-cv-783, 2020 WL 430779, at *3–4 (E.D.

Va. Jan. 8, 2020).

It is not the province of the magistrate judge or this court "to reweigh conflicting

evidence, make credibility determinations, or substitute [its] judgment for that of the

Secretary," Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig v. Chater, 76

F.3d 585, 589 (4th Cir. 1996)), or the Secretary's designate, the ALJ, Craig, 76 F.3d at 589

(quoting Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). In order to accept Krystal's

argument, the court would have to reject the opinion of the ALJ—which, as stated above, was

supported by evidence in the record—and supplant it with its own. The court declines

- 9 -

Krystal's implicit invitation to do so. Because the ALJ's decision is supported by substantial evidence, it must stand.

The evidence in the record, properly considered and cited by the ALJ, represents substantial evidence in support of his conclusion that Krystal's condition improved. As such, Krystal's overarching objection on that point will be **OVERRULED**.

Turning next to Krystal's objection regarding the ALJ's RFC determination: this objection primarily repeats a portion of the objection made previously, to wit, that the ALJ erred in his consideration of the *type*, but not *extent*, of Krystal's activities of daily living. For the reasons discussed above, that error was harmless.

Krystal argues the ALJ "ignored" evidence documenting her complaints of continued severe pain while highlighting evidence that she "typically improved" when receiving appropriate treatment. Aside from being untrue (see, e.g., R. 20 (noting plaintiff's "ongoing symptoms"), R. 21 (noting that, in May 2016, Krystal "complained that her arthritis pain was worse in her knees, back, and wrist," but that her "hand exam was normal without arthritis or deformities"; "While the record indicates that the claimant continues to experience some pain, physical exams do not support the severity of her allegations."), & R. 26 (noting that Krystal "continues to experience some pain and tenderness")), Krystal again misapplies the applicable standard of review. Accepting her position would require the court to substitute its judgment of the weight of the evidence for the ALJ's. Such an action is not proper, and her objection is misplaced.

Krystal next argues the ALJ erred in relying on the opinions of the state agency physicians because their opinions were "rendered prior to the addition of significant evidence

- 10 -

in the record (physical therapy records . . . and treatment notes . . . .). In addition, the DDS

physicians rendered their opinions prior to the objective findings of positive Tinel's sign at

both wrists, which is consistent with entrapment of the ulnar nerves . . . ." ECF No. 26, pg. 7.

The court finds no merit in this argument. The ALJ was plainly aware of the evidence, as he

cited it no less than 25 times in his opinion. (See generally R. 20–26.) Moreover, the positive

Tinel's sign was expressly acknowledged and considered by the ALJ. (See R. 21, 25.) Although

the DDS physicians may not have had the benefit of this evidence, the ALJ did. Having

expressly considered the evidence,[3] he determined that Krystal's RFC was such that she could

perform work that existed in substantial numbers in the national economy. Cf. Presnell v.

Colvin, No .1:12cv299, 2013 WL 4079214, at *4 (W.D.N.C. Aug. 13, 2013) ("Consideration

does not require favorable consideration."). As discussed herein, that decision was supported

by substantial evidence. Moreover, it is the ALJ's ultimate responsibility to determine disability,

not the DDS physicians. See 20 C.F.R. § 416.927(d)(1).

"An ALJ may credit medical opinion from a non-examining physician where the source

adequately explains the opinion and it is consistent with the record as a whole." Thomas H. v.

Berryhill, No. 4:17cv00041, 2018 WL 10806837, at *10 (W.D. Va. Aug. 27, 2018) (Report &

Recommendation) (citing Woods v. Berryhill, 888 F.3d 686, 695 (4th Cir. 2018), adopted by

2019 WL 1372164 (W.D. Va. Mar. 26, 2019). Krystal has not taken any objection with the

DDS physicians' opinions under the applicable standard, but rather attacks them because

---

[3] Because the evidence was available to and considered by the ALJ, Krystal cannot argue that the medical records are "new" evidence. Instead, she seeks to have this court supplant its opinion of that evidence for the ALJ's.

evidence the ALJ plainly considered was not available to them. Accordingly, the court finds that reliance on the DDS physicians' opinions was not improper.

Finally, Krystal contends the magistrate judge erred "in concluding plaintiff does not identify any reversible error in the ALJ's RFC analysis or point to any specific piece of evidence not considered by the ALJ that might have changed the outcome of plaintiff's disability claim." (ECF No. 26, pg. 7.) She charges that she *did* point to such evidence in her opening summary judgment brief. Even if the court were to agree with her characterization of the R&R, she points to no authority that a magistrate judge's mischaracterization of her argument is grounds for reversing the ALJ's decision. As discussed above, Krystal has failed to highlight reversible error in the ALJ's written opinion. Rather, the ALJ's decision, though flawed in some respects, is supported by substantial evidence. Accordingly, Krystal's RFC objection is **OVERRULED**.

## V. Conclusion

For the reasons stated, the court finds no error in the magistrate judge's conclusion that the ALJ's decision is supported by substantial evidence. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered.

It is so **ORDERED**.

Entered:  *October 8, 2020*

Michael F. Urbanski
Chief United States District Judge